E-FILED
Tuesday, 06 September, 2011  09:49:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ARKANSAS SEED CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case. No. 10-1231 |
| | ) |
| KARL WILLIAMS, personally and d/b/a | ) |
| MUDDY CREEK WHITETAIL, and | ) |
| JOHN DOES 1-50, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter is now before the Court on an entry of default judgment. Plaintiff filed a Motion for Partial Summary Judgment [12] on July 29, 2011, and Defendant Karl L. Williams, personally d/b/a Muddy Creek Whitetail was served on August 9, 2011 [14] and ordered to respond within twenty-one days by this Court. Defendant has failed to do so.

If "[w]ithin 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion." L.R.CDIL 7.1(D)(2). The Seventh Circuit has held that this rule is proper. Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir.1994). Though Defendant is proceeding *pro se*, he was served with a copy of the motion and further was given notice that his failure to respond will result in the entry of a default judgment. When a party does not respond to a motion for summary judgment within a clearly stated deadline, the Court may exercise its discretion and rule on the merits of the unopposed motion. Easley v. Kirmsee, 382 F.3d 693, 699 (7th Cir.2004).

Here the undisputed facts show that Arkansas County Seed Company developed an oat

varietal, LA604, that they trademarked and owned exclusive rights to sell or reproduce, or use in producing a hybrid.  The oat was marketed and sold as BUCK FORAGE.  Defendant purchased BUCK FORAGE from Arkansas County Seed Company through one of its licensed distributors, Avon Farmers Elevator, for $5.00 per bushel in 2006, 2007, 2008 and 2009 and had it delivered to Miller Farms.  Defendant then bagged the oats and offered them for sale as "FALL DRAW" without Arkansas County Seed Company's authorization.  An investigator hired by Arkansas County Seed Company called Defendant under the guise of purchasing FALL DRAW.  During the conversation Defendant told him he could sell him the requested amount for "about half of what BUCK FORAGE is....it's basically the exact same oat" and further told him he "did some research and got their variety."

On July 30, 2009, the investigator traveled to Cuba, Illinois and purchased FALL DRAW from Defendant and sent a sample to the South Dakota State University Seed Testing Laboratory for genetic testing.  The seed was tested by Dr. Brent Turnipseed who performed tests on the oats and determined their composition to be a hybrid of two varieties of oats, the predominant one being LA604.  7 U.S.C. §2541(a)(1) prohibits the sale or marketing of the protected variety, or offering it or exposing it for sale, delivery, shipping, consigning, exchanging, or soliciting an offer to buy or any other transfer of title or possession of it.  Additionally, subsection (8) prohibits stocking the variety for any of the purposes referred to in paragraph (1), i.e., selling or offering for sale.  Defendant at various times sold FALL DRAW from 2006-2009 and profited from the sale without the express consent of Arkansas County Seed Company.

The Court finds no reason to delay ruling on the motion and as such finds in favor of the Plaintiff as to the issue of liability.  The Motion is therefore GRANTED.

## **CONCLUSION**

The Court therefore finds Defendant liable and the relief Plaintiff seeks is hereby granted. A judgment of default is to enter against Defendant as to the issue of liability. A permanent injunction enjoining Defendant from any further selling, offering for sale, reproducing, importing, exporting or conditioning for propagation or stocking of LA604 is entered. Additionally, any stock which remains in Defendant's possession is to be sold through legal grain channels with royalties paid to Arkansas County Seed Company. Parties are directed to submit briefs regarding damages, attorney's fees and costs within 14 days.

ENTERED: 9/6/2011

/s/ James E. Shadid
James E. Shadid
United States District Court Judge